IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HARVEY L. HAYES,

        Petitioner,

v.                                      Case No. 5:18-cv-01399

D. L. YOUNG, Warden,
FCI Beckley,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

I.    **Relevant History**

On October 29, 2018, Petitioner Harvey L. Hayes ("Hayes") filed the above-referenced document in the United States District Court for the Western District of Virginia, alleging actual innocence of the crime of conviction and seeking immediate release from custody. On November 2, 2018, the case was transferred to this district. (ECF Nos. 2, 3). Hayes objected to the transfer, but received no relief. Accordingly, on February

12, 2019, the undersigned ordered Hayes to pay the five dollar filing fee, or submit an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 6). Hayes was advised that his failure to comply with the Order might result in a recommendation of dismissal.

The Order was sent to Hayes's address of record; however, it was returned on March 6, 2019 as undeliverable. (ECF No. 7). The Clerk of Court subsequently determined that Hayes was released to the Residential Reentry Management Center ("RRM") in Butner, North Carolina. Accordingly, the Order was re-sent to Hayes at the RRM. (*Id.*). Petitioner apparently received the Order at the RRM, as the Order was not returned a second time. On April 9, 2019, the presiding District Judge entered a separate Order, formally denying Hayes's objections to the transfer and to the appointment of a Magistrate Judge. (ECF No. 8). That Order was also apparently received by Petitioner at the RRM.

On May 15, 2019, after waiting three months for Petitioner to pay his filing fee or submit the Application, the undersigned entered a Show Cause Order, notifying Hayes that he had thirty days to address the matter of the filing fee. (ECF No. 9). Petitioner was advised that unless he complied with the prior Order and showed good cause for retention of the matter on the docket, the undersigned would recommend dismissal for failure to prosecute and failure to abide by a court Order. (*Id.* at 2). Hayes apparently received the Show Cause Order, as it has not been returned. According to the BOP inmate locator, Hayes was released from custody on June 18, 2019. *See* www.bop.gov/inmateloc. He has left no forwarding address.

More than five months have passed since the Court's first order and more than thirty days have expired since the Show Cause Order was issued. Hayes has neither

complied with the Court's Orders, nor moved to dismiss his action. Indeed, the last contact the Court had with Hayes was on November 13, 2018, more than eight months ago.

## II.   **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Hayes received two orders alerting him to the requirement of a filing fee or an Application to Proceed Without Prepayment of Fees and Costs. Hayes was further advised that his failure to fulfill that obligation would likely result in dismissal of the action. Notwithstanding these orders, Hayes never bothered to comply with the orders, dismiss the action, or communicate with the Court. Hayes was given more than ample time to comply with the orders, but inexplicably failed to do so. These failures add up to a case history of Hayes proceeding in a deliberately dilatory fashion. Hayes's case has been pending on the court's docket for more than eight months, and he has been given more than five months to comply with the Court's directives; yet, Hayes has not complied. Thus, Hayes is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants. Given that Hayes has wholly disregarded court orders, has made no effort to pursue his case since November 2018, and has failed to follow up with the Court in eight months, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that Hayes's grounds for relief have never been reviewed on the merits, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III.   <u>Proposal and Recommendation</u>

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petitions be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States*

*v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: July 24, 2019

Cheryl A. Eifert
United States Magistrate Judge

6